# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CV411-221 |
| | ) | |
| RONALD W SPEARS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>ORDER</u>

Proceeding pro se and in forma pauperis (IFP), inmate Kenneth Parks brings this 42 U.S.C. § 1983, failure-to-protect case against his warden and others, including the inmate who assaulted him. Doc. 1 at 3-5; *see also* doc. 1-2 ("Notice of Intent" document in which he names his "counselor" and "unit manager" as captioned defendants and explains, conclusorily, that the defendants violated his constitutional rights and "are clearly the proximate cause for injury. . . .").[1] He seeks damages and

---

[1]   Because the Court must construe a pro se plaintiff's filings liberally, *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011), it will consider Parks' claims as spread over various documents, including his "Notice of Intent." doc. 1-2. Nevertheless, he must still comply with procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011).

injunctive relief -- to ensure his safety and proper medical care.[2] *Id.* at 4.

Plaintiff's complaint invokes the Eighth Amendment's[3] baseline:

> Prison officials "must provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Carter v. Galloway*, 352

---

[2]   Since he has completed his IFP paperwork, docs. 12 & 13, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process.   The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief) and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 3 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail.   *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal).   "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S.Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

[3]   Whether a plaintiff like Parks is a pretrial detainee (in which case the Due Process Clause applies) or a convicted prisoner (Eighth Amendment applies), the standard is the same: deliberate indifference. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985) ("in regard to providing pretrial detainees with such basic necessities as ... medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons").   Hence, Eighth Amendment jurisprudence applies here.

F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (quotations and alterations omitted).

*Moulds v. Bullard*, 345 F. App'x 387, 391 (11th Cir. 2009).

But he has not pled enough.  He cannot simply list the names of everyone he thinks was in some way involved with the incident and place the burden on them to show their non-involvement.  Instead, *he* must plead facts showing, for example,

> that he endured conditions "posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Additionally, [each] correctional officer who is alleged to violate[d] the Eighth Amendment must have demonstrated "deliberate indifference." *Id*. at 835. Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk to the inmate's safety. *Id*. Therefore, negligence, or a lack of due care under the circumstances, is insufficient to support a claim that the defendants failed to protect the prisoner. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668, 88 L.Ed.2d 677 (1986). An officer has a duty to take reasonable steps to prevent a victim from another officer's use of excessive force, but "an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002).

*Jones v. Luzerne County Corr. Facility*, 2010 WL 3338835 at \*5 (M.D. Pa. Aug. 23, 2010).  As noted in another failure-to-protect case, where an inmate alleged that a fellow inmate smashed his face in with a baseball bat left unsecured by prison staff:

> Pointing to people in charge and insisting that that alone made

them liable (hence, a negligence theory) was not enough. Thus, [plaintiff] was required to plead facts showing more than a defendant's mere knowledge that, for example, the unsecured baseball bats here were tantamount to a match about to be lit inside a powder keg. Instead, it was necessary for him to plead facts showing that the defendant drew the inference "that a substantial risk of serious harm exists." *Johnson v. Smith*, 354 F. App'x 516, 517 (2d. Cir. 2009) (cited in *Barreto v. County of Suffolk*, 2010 WL 5437211 at * 5 (E.D.N.Y. Dec. 22, 2010) (dismissing guard from failure-to-protect case where plaintiff alleged only that the guard "was not present at the tier" when he should have been, and that the "assault could have been prevented if there was a Corrections officer properly overseeing the tier"; plaintiff averred only that the corrections staff were generally aware of his attacker's disciplinary violations, but otherwise pled no facts to suggest that the defendant had "any subjective awareness that his absence posed a substantial risk of serious harm.")).

*Brandon v. Williams*, 2011 WL 1984619 at * 2 (S.D. Ga. May 19, 2011).[4]

Hence, Parks must plead, for example, that a given official witnessed an ongoing attack and failed to intervene when presented with a realistic and reasonable opportunity to do so. He has not. Instead, he

---

[4]  The case law bears other examples, such as

> a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Harper v. Lawrence Cty, Al.,* 592 F.3d 1227, 1236 (11th Cir. 2010) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

pleads only that while on a work detail another inmate assaulted him with a bush ax, seriously cutting his arm and fracturing its bones.  Doc. 5 at 5.   He then (in a raw, unedited form that confusingly mixes a protection with a medical-treatment claim) pleads:

> [T]hey [i.e., unnamed jail staff members] are clearly trying to immunize themself away from the damages that arised on their work detail. Defendants have clearly showed a deliberate indifference to a serious medical need and transferring me putting me at imminent danger of serious irreparable harm and injury. Defendants are clearly the proximate cause for the plaintiff's injuries and the severe pain and suffering that the plaintiff is now suffering now and the in the future.  Defendants have clearly violated a breach, and legal duty to due care.

Doc. 1 at 5.

Every line of plaintiff's "Statement of Claim" reads the same way -- long on conclusions and fatally short on supporting, factual allegations. (Thus, he fails to allege *how* each defendant showed a deliberate indifference -- that, for example, a defendant in a position to stop his attacker simply stood and watched him being attacked.)  His allegations against his jailers thus fail.[5]

---

[5]  Additionally, he has likely named unreachable defendants, since claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior. Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff also states no § 1983 claim against his attacker, since he has supplied no allegations that his attacker acted under color of state law during his attack, or conspired with a state actor. 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law); *see also Am. Fed. of Labor and Congress of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011) (to prevail on § 1983 conspiracy claim, plaintiff must show that agreement between two or more people, at least one of whom is state actor, to violate his constitutional rights resulted in actual violation of those rights); *Miller v. Graham*, 2011 WL 5031467 at * 2 (5th Cir. Oct. 24, 2011).

Parks also complains that after the jail provided him with outside medical care, the jail's "medical staff, and doctors, [then] failed to render *adequate* medical care and treatment. [They f]ailed to examine the injuries that the plaintiff received . . . and have clearly showed a deliberate indifference to the care and treatment [the outside doctor prescribed]. Defendants have clearly violated my Eighth Amendment right under color of state law, violating their breach of duty, and there [sic] legal and constitutional duty to [provide] due care." Doc. 1 at 5

(emphasis added).   These allegations also fail because they rest on conclusions, and not well-pled supporting facts, as threaded through this circuit's medical-claims standards:   a prisoner must (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

"Deliberate indifference," for that matter, "is not established where an inmate received care but desired different modes of treatment." *Jones v. Johnson*, 2011 WL 5024452 at * 2 (S.D. Ga. Jul. 18, 2011) (quotes and cite omitted); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995).  Parks seeks to sue the jail's medical staff based on his difference of opinion as to what is medically "adequate":  he concedes the jail afforded him treatment; he simply quarrels with the mode and adequacy. "Where it is shown that an inmate has received significant medical attention for his complaints and has not been ignored, the federal courts are reluctant to second guess the medical judgments of those providing care.  A plaintiff does not state a cognizable claim where he simply seeks

7

to substitute his judgment as to medical matters for that of the medical staff." *Duff v. Prison Health Servs.*, 2011 WL 4542507 at * 9 (M.D. Fla. Sep. 26, 2011) (cite omitted); *see also id.* at * 8-9 (if at most medical malpractice is pled then no § 1983 claim is stated); *Smith v. Fla. Dept. of Corr.*, 375 F. App'x 905, 910 (11th Cir. 2010) (state prisoner's difference of opinion with prison medical staff over course of treatment following a broken pelvis was insufficient to state a claim for deliberate indifference to his medical needs). And, as with his failure-to-protect claims, he cannot rely on respondeat superior for his medical claims either. *Jones*, 2011 WL 5024452 at * 2.[6]

Accordingly, plaintiff Kenneth Parks' Complaint fails under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). His filings are so bereft of factual detail that resuscitation via "second-chance" amendment seems improbable. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to

---

[6] *See also Duff v. Steub*, 378 F. App'x 868, 871 (11th Cir. 2010) (state pretrial detainee who suffered ongoing urinary problems failed to allege sufficient facts to establish that state prison's chief health official was deliberately indifferent to detainee's serious medical needs, and thus health official was not liable under Fourteenth Amendment on § 1983 deliberate indifference claim; detainee's complaint did not allege that chief health official personally participated in alleged delay or denial of detainee's medical treatment, that official had subjective knowledge of risk of serious harm to detainee and disregarded that risk, or that causal connection existed between detainee's medical care and official's supervisory actions).

8

amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). Nevertheless, the Court will give him a second chance, and he must file an amended complaint within 21 days of the date this Order is served. His injunctive relief, default, and summary-judgment motions (which are clearly frivolous) will be addressed only if he successfully amends his complaint. Docs. 7, 8, 14 & 15.

Meanwhile, it is time for Parks to pay the piper.  Based on his furnished information, doc. 12 ($10.01 average monthly balance for the last six months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $2.00.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall deduct $2.00 from Parks' account and remit to the Clerk of Court

(payable to the "Clerk of Court") when enough additional payments are added to reach $10.00. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

**SO ORDERED** this <u>19th</u> day of January, 2012.

<u>S.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA