UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-221 |
| | ) | |
| MR. MCDANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding pro se and in forma pauperis (IFP), inmate Kenneth Parks brought this 42 U.S.C. § 1983, failure-to-protect case against his warden and others, including the inmate who assaulted him. Doc. 1 at 3-5. He seeks compensatory damages and injunctive relief to ensure his safety and proper medical care. *Id.* at 4. As the Court concluded in its initial screening Order, Parks invoked the Eighth Amendment's baseline but failed to plead enough. Doc. 17, *reported at* 2012 WL 170160. He could not simply list the names of everyone he thinks was in some way involved with the incident, then place the burden on them to show their non-involvement. Instead, *he* must plead facts showing, for example,

> that he endured conditions "posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). Additionally, [each] correctional officer who is alleged to violate[d] the Eighth Amendment must have demonstrated "deliberate indifference." *Id.* at 835. Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk to the inmate's safety. *Id.* Therefore, negligence, or a lack of due care under the circumstances, is insufficient to support a claim that the defendants failed to protect the prisoner. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668, 88 L.Ed.2d 677 (1986). An officer has a duty to take reasonable steps to prevent a victim from another officer's use of excessive force, but "an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002).

*Jones v. Luzerne County Corr. Facility*, 2010 WL 3338835 at *5 (M.D. Pa. Aug. 23, 2010).

The Court thus concluded that his claims failed. Doc. 17 at 6-8. But it gave him a chance to re-plead. *Id.* at 9. He has responded in a strangely titled "Brief of Appellant," doc. 18, followed by "Written Objections." Doc. 19. In the first he alleges that Edye Terrell attacked him with a bush-ax, causing "severe life long injuries to my hand and arm." Doc. 18 at 1. He next alleges:

> The detail officer Mr. McDaniel did witness this attack and made no attemps [sic] to stop the assault. I was taken back to the prison and placed in segregation. After I was treated and released from the hospital, the [jail's] nurse . . . refused to review or discuss the outcome of my injuries, and they clearly showed a deliberate indifference to my serious medical need.

2

*Id.* at 1-2 (quotes omitted). He then insists that he has "experienced no [medical] improvement and . . . must undergo . . . many additional treatments which the defendants are clearly the proximate cause of." *Id.* at 2. He wants his surgeon subpoenaed as a material witness, but for what he does not say. He concludes that "[t]he defendants clearly knew the severity of [his] injuries and failed to respond and did clearly ignore all medical facts and procedures prescribed by" his doctor. *Id.*

Park's "Brief of Appellant" states a claim against "detail officer Mr. McDaniel," who "did witness this attack and made no [attempt] to stop the assault." *Id.* Construed liberally, he alleges that McDaniel was able to stop the attack but deliberately disregarded his duty to do so. The Court will thus "green-light" his case against him.

The remainder of plaintiff's "Brief" at best constitutes cynical juxtaposition. He admits he received treatment but says he was first taken to segregation. Yet he does not say, for example, for how long or whether it was temporary while medical assistance could be arranged. Despite that gap he conclusorily accuses a nurse of refusing to discuss or review "the outcome" of his injuries, which could mean anything (e.g., he was treated but when he later wanted to discuss it with a nurse yet she

3

refused, so he wants to sue her for what clearly is not a "deliberate-indifference" incident).

Plaintiff's "Written Objections" do not fill in any of those gaps:

> I was placed in isolation to avoid care and treatment for my injuries, depriving me of my rights to medical attention for more than ten days. Nurse Allison Judge and Nurse Donna Brower-Bearden knew the severity of my pain but *clearly* ignored the need for emergency care and treatment as the doctor at the Savannah Medical Arts Center prescribed, *clearly* showing a deliberate indifference to a serious medical need.

Doc. 19 at 1 (emphasis added).

There is nothing "clear" here. Parks does not allege that those nurses sent him to isolation. In fact, he fails to allege who did. Nor does he allege that the nurses had the authority to send him anywhere, yet deliberately failed to exercise it in order to uphold their medical-treatment duty to him. And Parks has already alleged that he *did* receive medical treatment. At best he is being cagily vague about its timing.

Caginess costs. Parks was required to allege that a given defendant (a) knew he was in serious medical need; (b) was in a position to do something about it; but (c) deliberately disregarded that duty (e.g., recklessly or deliberately delayed availing him otherwise available

4

medical care). This Court spelled all that out for him in its last Order. Except as to "Mr. McDaniel," he has failed to plead a case. The Clerk is thus **DIRECTED** to forward a copy of plaintiff's complaint, as amended (docs. 1, 18, & 19), to the Marshal for service upon McDaniel while the remainder of plaintiff's claims must be **DISMISSED**. In the meantime, the Court has amended the caption to reflect that McDaniels is the only defendant left here. The Clerk shall amend the docket caption accordingly, and all subsequent filings shall conform. If McDaniels is served, he is directed to promptly supply his full name to this Court.

**SO REPORTED AND RECOMMENDED** this  23rd  day of February, 2012.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA